UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81098-CIV-MIDDLEBROOKS/MATTHEWMAN

HANS OTTO ALBERTSSON,

    Appellant,

v.

BARCLAY BRELAND FAMILY
OFFICE LLC,

    Appellee.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON APPELLANT'S NOTICE OF APPEAL

**THIS CAUSE** is before the Court upon an Order of Reference from United States District Judge Donald M. Middlebrooks [DE 5] for a Report and Recommendation on Appellant Hans Otto Albertsson's ("Appellant") Notice of Appeal [DE 1], which seeks appellate review of the Memorandum Opinion and Final Judgment, both entered on July 12, 2022, by United States Bankruptcy Judge Erik P. Kimball in the Adversary Proceeding titled *Barclay Breland Family Office, LLC v. Hans Otto Albertsson*, Adv. Proc. Case No. 19-01619-EPK, in connection with the underlying Bankruptcy Court case styled *In re: Hans Otto Albertsson*, Case No. 19-15281-EPK, pending before the Bankruptcy Court for the Southern District of Florida (West Palm Beach Division). For the reasons that follow, the undersigned United States Magistrate Judge **RECOMMENDS** that the United States District Judge AFFIRM the Bankruptcy Court's Memorandum Opinion and Final Judgment.

## BACKGROUND

On February 10, 2022, Appellee filed a Complaint against Appellant, the debtor in a Chapter 7 case. [DE 1, Ex. A at 1]. The Bankruptcy Court considered the evidence presented at trial, the arguments of counsel, and the post-trial briefs before entering a Memorandum Opinion and Final Judgment. [DE 1].

In the Memorandum Opinion, dated July 12, 2022, the Bankruptcy Court found in relevant part that Appellant "knowingly and fraudulently omitted from his sworn schedules two sets of golf clubs and his membership in the Winged Foot Golf Club, and will grant the relief requested in Count I, denying Mr. Albertsson's discharge in this case." [DE 1, Ex. at 2]. The Bankruptcy Court made extensive Findings of Fact, including that, in his schedules of assets and liabilities filed under oath with his Chapter 7 Petition, Appellant "omitted two sets of golf clubs and his membership in the Winged Foot Golf Club." *Id.* at 2–7. The Bankruptcy Court determined that Appellant's testimony that he consulted with counsel about how to properly fill out the schedules was not credible and noted that Appellant provided no independent corroboration that he received such legal advice. *Id.* at 6. It found that Appellant's "own schedules undercut his testimony that he relied on legal advice to omit non-material items from his schedules." *Id.* The Bankruptcy Court explained that "[i]n light of the clear provisions in the schedules themselves, and the fact that Mr. Albertsson's entire professional career has relied on his golf skills, the Court does not believe Mr. Albertsson omitted the golf clubs from his schedules for any reason other than to mislead creditors and his trustee. It does not matter whether the golf clubs had a value that would nonetheless have been exempt from administration in this case." *Id.*

Then the Bankruptcy Court explained that "[a]s will be apparent from the Court's analysis below, the distinctions between claims under sections 523(a)(2)(A) and 523(a)(2)(B) are not

important in this case as the plaintiff failed to meet its burden of proving either that the alleged misrepresentations occurred at all or that the plaintiff actually relied on the alleged misrepresentations." *Id.* at 8. Next, with regard to the section 727(a)(4)(A) claim, the Bankruptcy Court noted that Appellant "admits that he omitted from his schedules two sets of golf clubs and his membership in the Winged Foot Golf Club" and determined that "[t]hese are material omissions because their disclosure would have resulted in further investigation of his financial affairs." *Id.* at 10. The Bankruptcy Court also found Appellant's uncorroborated testimony that he relied on advice of counsel in omitting the golf clubs and the country club membership from his schedules to not be credible. *Id.* It concluded that "[u]nder the circumstances of this case, as more fully discussed above in the Court's findings of fact, when Mr. Albertsson failed to disclose two sets golf clubs and his membership in an exclusive golf club, he knowingly and fraudulently made false oaths in violation of section 727(a)(4)(A)." *Id.*

On July 12, 2022, the Bankruptcy Court entered Final Judgment in favor of Appellee Barclay Breland Family Office, LLC ("Appellee") and against Appellant on Count I and in favor of Appellant and against Appellee on Counts II and III of the Complaint. [DE 1, Ex. B]. Additionally, the discharge of Appellant was denied pursuant to 11 U.S.C. § 727(a)(4)(A). *Id.*

Appellant filed his Notice of Appeal and Statement of Election [DE 1] on July 26, 2022. Thereafter, Appellant filed his Initial Brief, and Appellee filed its Brief [DE 9]. No timely Reply Brief was filed.

## APPELLATE BRIEFS

### I. Appellant's Initial Brief [DE 8]

Appellant asserts two issues on appeal. [DE 8 at ii]. First, he argues that the Bankruptcy Court "erred in finding that [his] omitted club membership would have resulted in further

investigation of his financial circumstances." *Id.* Second, he argues that the Bankruptcy Court "erred in finding that [his] advice of counsel testimony failed to prove credible without independent corroboration, whereas the Court found all of the Debtor's other testimony credible without corroborating documentation." *Id.*

With regard to his first argument, Appellant concedes that the Chapter 7 Voluntary Petition "made no mention of [his] golf clubs and membership at Winged Foot," but he points out it was revealed at his Rule 2004 examination conducted by counsel for Appellee that Appellant "was in fact the owner of two sets of used golf clubs, and held a membership at Winged Foot." *Id.* at 7. Therefore, Appellant contends that "Barclay Breland could have simply communicated to the Chapter 7 trustee to investigate [Appellant] further," but no further investigation took place. *Id.* Appellant further asserts that the Bankruptcy Court's finding that the Chapter 7 trustee would have more thoroughly investigated had the club membership not been omitted is speculative and that it is clear that Appellant "was not intending to hide anything from creditors." *Id.*

As to Appellant's second argument on appeal, he maintains that he was clearly "able to sufficiently testify, with truth and accuracy, as to the factual background of the case. If that were not the case, the Bankruptcy Court would not have found his testimony to be credible in any circumstance." *Id.* at 8. Next, Appellant argues that he "consistently testified as to his advice of counsel, and [Appellant's] own inability to practice law (i.e. fill out bankruptcy Schedules or make amendments thereto). Same as he consistently testified as to the allegations of Counts II and III." *Id.* Therefore, Appellant concludes that "[t]his can only be explained as an internal inconsistency resulting in clear error." *Id.*

II. **Appellee's Brief [DE 9]**

Appellee first argues that, pursuant to Section 521(a)(1)(B)(i) of the Bankruptcy Code, Appellant (and not Appellee) was required to provide information regarding his assets to the Bankruptcy Court and the bankruptcy trustee. [DE 9 at 12]. Appellee explains that, when Appellant failed to do so, he was subject to a denial of discharge pursuant to Section 727(a)(4)(A) for making a false oath or account of his assets. *Id.* Appellee further maintains that "Appellant in this case demonstrated a pattern of omission by failing to disclose his two sets of golf clubs." *Id.* at 13. Appellee rejects Appellant's "main response to his omissions at trial—and now on appeal" that the golf clubs and golf club membership were not material to the bankruptcy case as they were valueless. *Id.* at 15. This is because "[a]n asset is material not based on value alone" in the bankruptcy context. *Id.* According to Appellee, "Appellant testified at trial that he unilaterally determined the golf clubs and golf club membership were immaterial based on value alone. (T. 85, 16-22). That was not his decision to make." *Id.* at 16. In conclusion, Appellee claims that the Bankruptcy Court "did not err in finding that the Debtor's omitted club membership could have resulted in further investigation of his financial circumstances." *Id.* at 17.

Appellee rejects Appellant's second argument that the Bankruptcy Court had to wholly accept or reject his testimony as "simply baseless" and unsupported by the law. *Id.* at 17. More specifically, the Bankruptcy Court "accepted the Appellant's testimony as to Counts II and III, but not Count I, and this dissimilarity does not generate 'an internal consistency resulting in clear error.'" *Id.* at 18. Next, Appellee argues that the Bankruptcy Court "had no obligation to find Appellant's self-serving testimony credible given the totality of the circumstances including Appellant's level of education, the clear wording of the bankruptcy forms and Appellant's lifetime involvement with the world of golf." *Id.* at 19. Appellee further contends that "courts uniformly

5

reject the advice-of-counsel defense when it is 'transparently plain' the property should be scheduled," as is the case here given Appellant's "intelligence and extensive golf history." *Id.* at 20.

## JURISDICTION

The parties do not dispute that this Court has jurisdiction to hear the appeal from the Bankruptcy Court. Regardless, a district court has jurisdiction to hear appeals from "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). Final Judgment was entered by the Bankruptcy Court in this case, as set forth above.

## LEGAL STANDARD

Federal district courts have jurisdiction over bankruptcy appeals. *See* 28 U.S.C. § 158(a)(1). "Findings of fact shall not be set aside unless clearly erroneous." *United States v. United States Gypsum Co.*, 333 U. S. 364, 395 (1948). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* at 395. But, if a trial court's

> account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. This is so even when the district court's findings do not rest on credibility determinations but are based on physical or documentary evidence or inferences from other facts. When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's finding; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.

*Anderson v. City of Bessemer*, 470 U.S. 564, 573-576 (1985).

## DISCUSSION

Appellant has presented two issues on appeal. The first is "[w]hether the Bankruptcy Court erred in finding that [Appellant's] omitted club membership would have resulted in further

6

investigation of his financial circumstances." [DE 8 at ii]. The second is "[w]hether the Bankruptcy Court erred in finding that [Appellant's] advice of counsel testimony failed to prove credible without independent corroboration, whereas the Court found all of the Debtor's other testimony credible without corroborating documentation." *Id.* The Court will analyze each of these issues below.

I. **The Bankruptcy Court Did Not Err in Finding that Appellant's Omitted Country Club Membership Would Have Resulted in Further Investigation of His Financial Circumstances.**

As an initial matter, the Court notes that Appellant has cited no actual law to support his position. [DE 8 at 7].

Next, Appellant solely argues that the Bankruptcy Court merely speculated that the Chapter 7 trustee would have conducted further investigation had the golf country club membership been disclosed. *Id.* And he admits that the Petition made no mention of his golf clubs and country club membership. *Id.* Appellee responds by arguing that Appellant has demonstrated a pattern of omission of failing to disclose, thereby supporting the Bankruptcy Court's denial of discharge. [DE 9 at 13]. Appellant's argument misses the mark. The issue here is not whether the Bankruptcy Court "speculated" but rather whether it properly found that Appellant knowingly and fraudulently made false oaths and properly denied the discharge of Appellant pursuant to 11 U.S.C. § 727(a)(4)(A).[1]

---

[1] The Court also finds that the Bankruptcy Court did not improperly speculate. On this point, the Bankruptcy Court explained,

> Whether Mr. Albertsson could sell or transfer his interest in the Winged Foot Golf Club is beside the point. The fact that he maintained, at least through trial in this adversary proceeding, a membership in an exclusive golf club in a location removed from his home in Florida, which membership requires payment of a substantial annual fee, would raise a number of questions for the trustee and other parties in interest. How does Mr. Albertsson pay the annual fee and other charges at the club? If someone else pays the annual fee, what is their relationship with Mr. Albertsson? How does Mr. Albertsson afford travel to the club? In light of the fact that the schedules specifically required Mr. Albertsson to list any "country club membership," the fact that Mr. Albertsson has

Pursuant to 11 U.S.C. § 727, the court shall grant the debtor a discharge unless, in relevant part, the debtor "knowingly and fraudulently, in or in connection with the case" either "made a false oath or account." 11 U.S.C. § 727(a)(4)(A). "Deliberate omissions by the debtor may also result in the denial of a discharge." *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991); s*ee also In re Clawson*, 119 B.R. 851, 852–53 (Bankr. M.D. Fla. 1990) ("A material omission from the debtor's Schedules signed under penalty of perjury may constitute false oath."). Fraudulent intent "includes intending to deceive, which need not connote intending to obtain a pecuniary benefit." *In re Kempff*, 847 F.3d 444, 449 (7th Cir. 2017) (citing *In re Katsman*, 771 F.3d 1048, 1050 (7th Cir. 2014)). "The Debtor's omissions in his Statement of Financial Affairs and Schedules, when taken together, may constitute a pattern of demonstrating a reckless disregard for the truth." *In re Sausser*, 159 B.R. 352, 356 (Bankr. M.D. Fla. 1993).

Here, the evidence does support the Bankruptcy Court's conclusion that Appellant knowingly and fraudulently made a false oath or account in that he admittedly omitted two sets of golf clubs and his membership in a golf club from the schedules filed in connection with his Bankruptcy Petition. Furthermore, "[t]he intent determination often will depend upon a bankruptcy court's assessment of the debtor's credibility, making deference to the court's finding particularly appropriate." *Matter of Krehl*, 86 F.3d 737, 743 (7th Cir. 1996). Finally, the fact that the golf clubs and golf membership were mentioned during a Rule 2004 examination does not undercut the Bankruptcy Court's determination that Appellant knowingly and fraudulently made a false oath or account in the schedules.

---

relied on golf as a source of business his entire professional life, and the fact that revealing the Winged Foot Golf Club membership likely would have resulted in further investigation of his financial circumstances, the Court concludes that Mr. Albertsson omitted the membership from his schedules with the intent to deceive.

[DE 1, Ex. A at 6–7]. This analysis is not mere speculation and is also not clearly erroneous.

Furthermore, although it appears that Appellant waived his materiality argument by failing to sufficiently argue it in his Initial Brief, the Undersigned finds that the Bankruptcy Court properly determined that the two sets of golf clubs and golf club membership were material. "The subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984) (citing *In re Steiker*, 380 F.2d 765, 768 (3d Cir. 1967)). The Court agrees with Appellee that the two sets of golf clubs and golf club membership are material under this definition, even if they do not hold tremendous monetary value. *See* DE 6–5 at 63–64 (Although the golf club membership is non-transferrable, initiation at Winged Foot was $100,000 and annual dues are $10,500 per year; Appellant spent approximately $1,500 on golf clubs). The golf clubs and golf membership clearly bear a relationship to Appellant's estate and concern the discovery of his assets and property.

Lastly, the Court notes that, by failing to file a timely Reply Brief, Appellant has forfeited or waived his right to reply to Appellee's various contentions contained within Appellee's Brief.

## II. The Bankruptcy Court Did Not Err in Finding that Appellant's Advice of Counsel Testimony Failed to Prove Credible without Independent Corroboration.

Once again, Appellant has provided no supporting law. [DE 8 at 7–8]. And it is clear that the Bankruptcy Court had the ability to find portions of Appellant's testimony to be credible without finding other portions of his testimony to be credible. Appellant's argument to the contrary is illogical and without any basis. Moreover, when a court acting in an appellate capacity examines the facts adduced at trial, "generally we will not disturb a bankruptcy court's credibility determinations." *In re Kane*, 755 F.3d 1285, 1288 (11th Cir. 2014) (citing *In re Englander,* 95 F.3d 1028, 1030 (11th Cir.1996)).

Furthermore, the Bankruptcy Court was not required to accept Appellant's advice of counsel defense. Here, Appellant signed the schedules himself, which schedules explicitly inquired about golf clubs and country club memberships [DE 6–3 at 12, 16]. The Bankruptcy Court properly found him to be an intelligent, educated individual with vast knowledge and experience relating to golf. *See* DE 1, Ex. A at 2; DE 6–5 at 62–65, 351. Additionally, Appellant's explanation that he relied upon the advice of his attorney in omitting the assets is uncorroborated. [DE 6–5 at 368]; *see In re Katsman*, 771 F.3d 1048, 1050 (7th Cir. 2014) ("It is particularly striking that the lawyer who handled her bankruptcy did not testify at the trial and does not represent her in this court. His absence reinforces the inference that her many false statements bespeak a pattern of reckless indifference to the truth, implying fraudulent intent."). Given the facts of this case, the Bankruptcy Court could properly "draw[ ] an inference that the omissions of information from the bankruptcy schedules by the Debtor, were undertaken by the Debtor knowingly and fraudulently." *In re Godley*, 164 B.R. 780, 782 (Bankr. S.D. Fla. 1994).

Lastly, the Court notes once again that, by failing to file a timely Reply Brief, Appellant has forfeited or waived his right to reply to Appellee's various contentions contained within Appellee's Brief.

## **CONCLUSION**

The Memorandum Opinion and Final Judgment entered by U.S. Bankruptcy Judge Kimball, were clear, supported by the record, and well-reasoned. Appellant has wholly failed to establish any error or abuse of discretion by Judge Kimball. In light of the foregoing, the Undersigned U.S. Magistrate Judge **RECOMMENDS** that the Memorandum Opinion and corresponding Final Judgment, both entered on July 12, 2022, in the Adversary Proceeding titled

*Barclay Breland Family Office, LLC v. Hans Otto Albertsson*, Adv. Proc. Case No. 19-01619-EPK, be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach County, Florida, this 27th day of February 2023

WILLIAM MATTHEWMAN
United States Magistrate Judge